

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 1075 | DATE | 10/30/2002 |
| CASE TITLE | New Century Mortgage Corp. Vs. Gerald Pinto etc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Movants' motion to intervene and vacate the sale is granted and their motion to dismiss is denied as moot. The special commissioner is directed to return to the movants the funds paid by them.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 3 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEW CENTURY MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 01 C 1075 |
| GERALD PINTO, etc., PAULA PINTO, etc., UNITED STATES OF AMERICA and THE BOARD OF MANAGERS OF THE KINGSPORT ESTATES NORTH HOMEOWNERS ASSOCIATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
OCT 31 2002

## MEMORANDUM OPINION AND ORDER

Movants Brandyn Stern and Lisa Melcher move to intervene in this mortgage foreclosure action pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure and deny confirmation of the judicial foreclosure sale pursuant to 735 ILCS § 5/15-1508, and to dismiss this action in favor of the action currently pending by Washington Mutual Bank, FA in the Circuit Court of Illinois, No. 02 CH 4121. For the following reasons, movants' motion to intervene and deny confirmation of the sale is granted and the motion to dismiss is denied as moot.

## BACKGROUND

On or before February 24, 1993, Washington Mutual had a valid existing mortgage lien on the subject property of defendants Gerald and Paula Pinto, which was recorded on March 5, 1993. On or before May 14, 1999, the government had a valid existing tax lien on the Pinto's property that was recorded on May 26, 1999. Finally, New Century Mortgage Corporation,

plaintiff herein, had a valid existing mortgage lien on the property that was dated April 23, 1999, yet not recorded until August 23, 2000.

Plaintiff brought this foreclosure action in February 2001. The government was subsequently dismissed from the action following a finding that its lien was superior to that of plaintiff's. On May 16, 2001, a judgment of foreclosure and sale was entered on behalf of plaintiff and against the Pintos and the Board of Managers of the Kingsport Estates North Homeowners Association, which mistakenly included the government. At the foreclosure hearing a special commissioner was appointed to conduct a judicial sale, which was done on June 25, 2002. Prior to the sale, on November 29, 2001, plaintiff assigned its interest in the lien to "First Star Bank Milwaukee N.A. as Trustee in Trust for the Registered Certificate Holders of New Century Asset Bank Pass through Certificate Series 1999NCA dated May 6, 1999."

The successful bidder at the sale successfully moved to intervene and set aside the June 25, 2002, sale because the government's tax lien was mistakenly identified as an inferior lien in the foreclosure judgment. The sale was rescheduled for August 29, 2002, at which time movants were the successful bidders in the amount of $395,000. Plaintiff appears to have made no effort to correct the earlier judgment nor did the notice of sale disclose the defect. Prior to sale, movants obtained a title search from Vista Information Solutions Inc. which revealed that there were no mortgages or liens other than plaintiff. To obtain the subject property movants would have to pay $554,528.

## DISCUSSION

A judicial foreclosure is not complete until confirmed by the trial court. *See* World Sav. and Loan Ass'n v. Amerus Bank, 317 Ill.App.3d 772 (1st Dist. 2000). Section 1508(b) of the Illinois Mortgage Foreclosure Law (735 ILCS §5/15-1508(b) provides that following a court-

ordered sale "the court shall hold a hearing to confirm the sale." The sale shall be confirmed unless the court finds one of four exceptions, including that "justice was otherwise not done." A trial court has broad discretion in determining whether justice was done and is justified in declining to approve a sale if it results in unfairness that is prejudicial to an interested party. World Sav. and Loan, 317 Ill.App.3d at 777.

The movants list several reasons why justice was not done in the present case.[1] Initially, we note that plaintiff had apparently assigned its entire interest in the mortgage to another entity prior to the time it brought this foreclosure action. It therefore had no interest to foreclose. We do not, however, rest on that alone. Looking at the circumstances surrounding the sale as a whole we find that justice was not done and the sale should not be confirmed. Movants diligently researched the title status, discovering only plaintiff's lien. Plaintiff likewise did not discover Washington Mutual's lien during its initial title search. Also, there was enough confusion surrounding the adjudication of the government's lien that, at the least, plaintiff should have notified potential buyers of the defect in the judgment, particularly after having the first sale invalidated.

We are not convinced by the arguments to confirm the sale. While intervenors are treated as parties from the commencement of the foreclosure action and are therefore "subject to all orders and judgments entered in the foreclosure," 735 ILCS § 5/15-1501(e)(3), there were contradictory orders in this foreclosure. Although movants might have a cause of action

---

[1] Movants allege that (1) they conducted a reasonable investigation of the title status; (2) they paid $395,000, based on this investigation; (3) plaintiff has misled the court and the parties by suing in its own name, even after assigning the mortgage; (4) plaintiff misled the court and the parties by adjudicating the government's lien as inferior, after dismissing it from the action; (5) plaintiff compounded the error by failing to correct the record or inform potential buyers; (6) plaintiff may have attempted to claim additional unsecured debt; (7) Washington Mutual has intervened in this action to assert the priority of its first mortgage lien; (8) plaintiff was negotiating the purchase of Washington Mutual's mortgage (and apparently has purchased it); and (9) plaintiff has means to avoid the loss (claim against the title company).

against the title company, the confusion surrounding this sale amounts to more than a simple mistake by one title company, as the superior mortgage evaded multiple title searches.

While we acknowledge that there is a need to conduct judicial sales so that they promote stability, see Illini Federal Sav. and Loan Ass'n v. Doering, 162 Ill.App.3d 768 (1987), vacating this sale does not undermine these goals. This is more than simply a case of bids lower than what was expected or what someone thought the property was worth. Movants researched the property diligently and it is not clear that any amount of research would have revealed the title defects in the property as it is unclear why the Washington Mutual lien failed to show up in the title searches. By declining to confirm this sale, we do not say that mere price inadequacy is enough or that a buyer may invalidate an otherwise proper sale simply because of their own negligence in performing a title search, only that a buyer must have a fair opportunity to research and evaluate what they are purchasing (which includes being given accurate information by the plaintiff) before we will validate a sale. We do not believe that movants had such an opportunity.

If the sale is vacated, movants no longer have an interest in this litigation and their motion to dismiss becomes moot.

## CONCLUSION

For the foregoing reasons, movants' motion to intervene and vacate the sale is granted and their motion to dismiss is denied as moot. The special commissioner is directed to return to the movants the funds paid by them.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 30, 2002.